IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


CARL WATTS, #77138                                                      PETITIONER

VERSUS                                          CIVIL ACTION NO.  3:05cv612HTW-JCS

SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION                             RESPONDENT


OPINION AND ORDER

On December 14, 2005, an order was entered directing the petitioner to file a completed

in forma pauperis application or pay the required $5.00 filing fee as well as amend his petition on

or before January 4, 2006.  Even though he was warned that the failure to timely comply with the

requirements of the order could lead to the dismissal of this petition, the petitioner failed to

comply.

Out of an abundance of caution an order to show cause was then entered on February 1,

2006.  That order of show cause directed the petitioner to comply with the order of December 14,

2005, on or before February 23, 2006.  Once again, the petitioner failed to comply with an order

of this court.

A second order to show cause was subsequently entered on May 17, 2006, directing the

petitioner to comply with the orders of December 14, 2005, and February 1, 2006, within 15

days.  This second order to show cause advised the petitioner that this was his final opportunity

to comply with the order of this court and that his failure to comply would result in the dismissal

of the instant habeas petition.  There has been more than 30 days to lapse since the deadline to

comply with the order of May 17, 2006, and having reviewed the docket entries, this court finds

that the petitioner has once again failed to comply with an order of this court. Moreover, the

petitioner has failed to contact this court concerning this civil action. The petitioner's failure to

comply with the orders of this court or to otherwise communicate with this court indicates his

lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to

dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough

v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the

inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

disposition of cases. Such a sanction is necessary in order to prevent undue delays in the

disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra,

370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never

appeared in this action, and since the court has never considered the merits of the petition , the

court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle,

542 F.2d 954 (5th Cir. 1976).

THIS, the 27th day of July, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE